In re assignment of BROWNING & BROTHERS.

ISAAC DOUGHTEN, executor of Maurice Browning, appellant,

*v.*

GEORGE G. BROWNING et al., respondents.

EDWARD LAWRENCE, appellant,

*v.*

GEORGE G. BROWNING et al., respondents.

[Argued March 9th, 1905. Decided June 19th, 1905.]

1. It is discretionary with the orphans court, under section 8 of the "Act concerning general assignments" (*P. L. 1899 p. 149*), whether to order a partial distribution of the assets in the hands of the assignee, and an order refusing to make such partial distribution, is not appealable.

2. A deed of assignment for the benefit of creditors was executed in Philadelphia by two partners engaged in business in that city, one of whom resided in Pennsylvania and the other in New Jersey; it was acknowledged as required by the Pennsylvania statute, the trust was accepted in Philadelphia by the assignee, and the deed was there recorded; subsequently it was acknowledged as required by the New Jersey statute, and recorded in New Jersey; the assignors did not annex to the deed an inventory and list of creditors, as required by the New Jersey statute; the assignee filed a complete inventory and gave bond in Pennsylvania for an amount sufficient to cover the whole estate; subsequently he filed a partial inventory and gave bond in New Jersey for an amount less than the appraised value of the New Jersey assets; thereafter he proceeded for more than a year in the New Jersey court alone.— *Held*, that the assignors and assignee had elected to have the estate administered in Pennsylvania; that the assignee could not, after such election, divide the administration of the assets between the courts of the two states, and that the orphans court in New Jersey had no jurisdiction of the matter.

On appeals from a decree of the prerogative court advised by Vice-Ordinary Reed, whose opinion is reported in *66 N. J. Eq.* (*21 Dick.*) *302.*

On November 7th, 1900, Maurice Browning, a resident of New Jersey, and George G. Browning, a resident of Pennsylvania, who were then engaged in business in Philadelphia as copartners, executed an assignment of the firm's assets to Henry B. Hanford, of Philadelphia. The deed was drawn, executed and delivered in Philadelphia, and Hanford there accepted in writing the position of assignee. The deed was acknowledged in accordance with the law of Pennsylvania on the same day, and recorded in Philadelphia, and also in Camden, New Jersey, November 19th, 1900. The acknowledgment did not comply with the law of New Jersey, and on November 20th the deed was reacknowledged and rerecorded in Camden. On November 21st, 1900, appraisers were appointed by the Philadelphia court, all the assets, both in New Jersey and Pennsylvania, were appraised, and an inventory was filed in Philadelphia on December 7th. The assignee's affidavit to the inventory states that it is a full and complete inventory of all the estate and effects assigned to him.

On December 12th, the assignee gave bond in Philadelphia in the sum of $253,000, a little more than twice the amount of the appraisement. On December 21st, the assignee filed an inventory and appraisement with the surrogate of Camden county. This inventory contains only the New Jersey assets and the appraisement is the same as the appraisement in the inventory previously filed in Philadelphia. It is verified only by the assignee, who states in his affidavit that it is a true inventory of the estate, but does not state that it is full and complete and includes all the assets. On the day he filed the inventory in Camden the assignee gave bond in this state for $65,000, an amount considerably less than the appraised value of the New Jersey assets.

Shortly after filing the inventory in Camden, the assignee gave notice to creditors to present their claims pursuant to our statute, and on May 31st, 1901, filed a list of claims, and on

June 29th, exceptions to several claims. Thereafter, until 1902, the assignee's proceedings were all in the Camden orphans court. Nothing seems to have been done by the assignee in the Philadelphia court after the filing of the inventory. The testimony shows that the Pennsylvania statute does not require that the assignee should notify creditors to present their claims; that creditors are not required to present their claims until an auditor is appointed, which cannot be done until a year has expired and an account has been filed, and was not done in this case until July 11th, 1902.

In the meantime, soon after the Camden orphans court had directed a sale of the remaining assets, a petition was filed in the Philadelphia common pleas by two creditors for the removal of the assignee and to compel him to account.

On June 9th, 1902, the Philadelphia court granted a rule, on application of creditors, requiring the assignee to show cause why all proceedings by him, as to accounting and distribution in New Jersey, should not be stayed; and on June 11th, on application of the assignee, a rule to show cause why he should not be directed to file his account in Camden, and on compliance should not be discharged from his trust in Pennsylvania.

On July 1st, 1902, the Philadelphia common pleas discharged the last rule, made the first rule absolute and directed the assignee to file an account in ten days. This account was filed and included only the Pennsylvania assets.

Meantime, proceedings were pending in New Jersey for distribution. May 19th, 1902, the assignee filed a petition for an order directing him to file an intermediate account, and to make a partial distribution. An order to file an intermediate account was made the same day and the account was filed June 6th, 1902, three days before the rule to show cause was issued against the assignee in Philadelphia. This account includes all the assets of the estate, showing debits of $237,339 and credits of $165,467.06, and a balance of $61,871.94, but sets forth three items of debits ($20,927.71) and three of credits ($2,032.97) and a balance of $18,894.74, to be accounted for in Pennsylvania. The account does not appear to have been confirmed.

48

On June 26th, 1902, George G. Browning, one of the assignors, a resident of Philadelphia, filed a petition in the Camden orphans court, praying that the orders made by the court on the representation that the deed of assignment was created under the laws of New Jersey (by which the petitioner evidently meant all the orders made by the orphans court) might be revoked and declared void and expunged from the record; that all the acts of the assignee under those orders might be declared null and void, and that the assignee might be restrained from paying out or distributing the moneys in his hands under the assignment laws of New Jersey.

On July 11th, 1902, the very day the auditor was appointed in Philadelphia, Lehman S. Browning, a creditor, filed a petition in the Camden orphans court praying that the moneys in the possession of the assignee might be at once distributed by the order and decree of that court.

Subsequently Maurice Browning, one of the assignors, and several creditors came in by petitions, in opposition to the petition of George G. Browning, and asked for a distribution in New Jersey.

On July 28th, 1902, the orphans court denied the prayer of George G. Browning's petition in so far as it prayed that the orders theretofore made be vacated and set aside, and directed the assignee to retain in his possession in New Jersey the moneys arising from the sale of personal property in New Jersey and continued the question of distribution to a later day.

On August 21st Lehman S. Browning filed a new petition in the nature of a supplementary petition for himself and all other unsatisfied creditors who might come in and contribute, in which he prayed for an immediate *partial* distribution of *all* the balance of $61,138.34 (including, apparently, the balance of $18,894.74 for which the assignee proposed to account in Pennsylvania), and for a decree that the assignment was a general assignment under the New Jersey statute, and that the petition of George G. Browning be dismissed.

Answers were filed and a hearing had before the orphans court, which, on March 14th, 1903, made three separate orders. One dismissed the petition of the assignee, one dismissed the

petition of Lehman S. Browning and the third vacated so much
of the order of July 28th, made on George G. Browning's
petition, as directed the assignee to retain in his possession the
moneys arising from the sale of personal property in New
Jersey, and further directed that the prayers of the George G.
Browning petition, not theretofore denied, be denied, and that
the petition be dismissed. All of the orders recited that the
court was of opinion that the assignment was an assignment
under and subject to the control of the laws of Pennsylvania,
and that the court ought not to take further jurisdiction in the
premises.

From these orders appeals were taken to the prerogative
court. From each of the three decrees of that court affirming
the several orders two appeals were taken to this court.

*Mr. Herbert A. Drake, Mr. Joseph H. Gaskill* and *Mr. Norman Grey,* for the appellants.

*Mr. Martin V. Bergen,* for the respondents.

The opinion of the court was delivered by

SWAYZE, J.

A consideration of the orders of the orphans court shows that
what that court actually did was to leave undisturbed the orders
it had previously made with reference to the administration of
the estate, including the order directing the assignee to file an
intermediate account; to refuse to direct a partial distribution
of the assets, and to leave the assignee free to distribute all the
moneys in his hands under the orders of the Pennsylvania
courts, if he chose. The court did not direct a transfer of the
assets to Pennsylvania.

The section of the statute authorizing the court to direct a
partial distribution is section 8. *P. L. 1899 pp. 149, 150.* Its
express language is that the court "may in its discretion direct
such partial distribution." Since it was discretionary with the
court to make the order or not, and the ultimate rights of the

creditors and the assignee were not affected, the orders made on the petitions of the assignee and the creditors are not appealable. *In re Anderson, 17 N. J. Eq. (2 C. E. Gr.) 536; National Bank of Metropolis v. Sprague, 21 N. J. Eq. (6 C. E. Gr.) 458; Camden and Amboy Railroad Co. v. Stewart, 21 N. J. Eq. (6 C. E. Gr.) 484; Read v. Huff, 40 N. J. Eq. (13 Stew.) 229.*

This very case illustrates the importance of the statutory provision making a partial distribution a discretionary matter.

Whether this assignment be regarded as a New Jersey assignment or as a Pennsylvania assignment, there were assets in both states, and proceedings had been taken in both. The time within which creditors might file claims in Pennsylvania had not expired. It was therefore quite impossible for the orphans court to determine what dividend would secure that equality among the creditors which the statute contemplates, and even if an advantage might be gained by New Jersey creditors who had filed their claims within the three months, that advantage could not fairly be claimed by the Pennsylvania creditors, who constituted the majority. The orphans court was therefore clearly right in refusing to order a partial distribution. Although the order was not appealable, no motion was made to dismiss the appeal, and the prerogative court was right in affirming these two orders.

The order on George G. Browning's petition amounted only to a refusal to take the action prayed for, and as the present appellants opposed such action they are not aggrieved by the court's denial of this petition. That denial left the matter just where it stood before the petition was filed. In the absence of a motion to dismiss the appeal upon the ground that the appellants were not aggrieved, the prerogative court was right in affirming this order also.

Although we think the decree must be affirmed on the narrow grounds just stated, we have considered the question of jurisdiction, since it is apparent from the argument that what is really complained of by the appellants is not the action actually taken by the orphans court, and set forth in the petitions of appeal, but the reason for that action, stated in the recitals of

the orders appealed from, but not referred to in the petitions of appeal; the argument in this court was addressed to the question whether the proper forum in which to distribute this estate is Pennsylvania or New Jersey.

The deed of assignment as such is sufficient to pass title in both states. *Frazier* v. *Fredericks, 24 N. J. Law (4 Zab.) 162; Bentley* v. *Whittemore, 19 N. J. Eq. (4 C. E. Gr.) 462.* The controversy which usually arises in cases of this character between those claiming rights under the deed of assignment and those claiming under legal proceedings in another jurisdiction, is not present in this case. All the parties claim their rights under the same deed, and have by their acts assented thereto.

Nor is any question involved as to the jurisdiction of the courts of New Jersey over assets within this state. The case presents the narrower question of the jurisdiction of the Camden orphans court. That jurisdiction is statutory and depends upon the act concerning general assignments. *P. L. 1899 p. 146.* The object of that act is to secure an equal distribution of the estate of the assignor among such of his creditors as may choose to present their claims, and to release the assignor from further liability to them. To that end it contemplates an administration of the whole estate and a distribution among all the creditors. The assignee is required to exhibit an inventory and valuation of the estate as far as has come to his knowledge; to file a list of all creditors who have proved their claims; and to render a final account after the determination of all claims; preferences within two months of the general assignment are made void, and creditors who come in and exhibit their demands under the assignment for a dividend are barred from having afterwards any action or suit against the assignor or his representatives. The object of this act cannot be secured by a partial assignment; no one would contend that creditors exhibiting their demands to a New Jersey assignee for a dividend out of the New Jersey assets would be barred from having a dividend out of assets in another jurisdiction. The very scheme of the act makes a single administration necessary.

The case differs, also, from a case where resort must be had
to an ancillary administration. For the deed passes title as a
common law conveyance subject only to such rights as may be
acquired by creditors in a foreign jurisdiction adversely to the
deed of assignment. This court held, in *Bentley* v. *Whittemore*,
that such a deed, executed under the laws of another state, passed
title to real estate in New Jersey, which title was good as
against creditors not resident in New Jersey, even though the
deed contained preferences in contravention of our statute. The
supreme court of the United States has adopted the same rule
in a case where possession was actually taken by the assignee
under the foreign assignment. *Barnett* v. *Kinney, 147 U. S.
476. Security Trust Co. v. Dodd, Mead & Co., 173 U. S. 624*,
is not applicable; no claim is here made adversely to the deed,
but all parties claim thereunder.

We have, then, a case of a deed of assignment sufficient to
pass title in New Jersey and under which the orphans court
might acquire jurisdiction pursuant to the statute, but a case
in which it is not necessary to invoke that jurisdiction. We
think the jurisdiction of the orphans court in such a case de-
pends upon its ability to administer the whole estate, and to
accomplish the object of the act. That jurisdiction fails in this
case because when the first proceeding was taken in New Jersey
the jurisdiction of the Pennsylvania court had already attached.
When the deed was recorded in Philadelphia, on November
19th, it was not acknowledged as required by the second section
of our act concerning general assignments, and this defect was
not supplied until the following day. Title had already passed
to the assignee before the attempt was made to have the deed
comply with our law, and even that attempt was not successful,
for the deed fails to have annexed an inventory and list of
creditors. It is true that this failure would not render the
deed invalid or exclude it from the operation of the act (sec-
tion 2), but if willful—and it could hardly be otherwise—the
assignors could not receive any of the benefits of the act. We
ought not to give such an effect to the deed.

The deed was not such a deed as required by our act, and
the conduct of the assignors and the assignee indicates that they

did not, originally at least, intend that it should be operative as a deed of assignment under the New Jersey act. The principal place of business of the partners was Philadelphia; most of their creditors were Pennsylvania creditors; the deed was executed and delivered in Philadelphia, and the trust was accepted there by the assignee; the assignee had the deed recorded, first, in Philadelphia; he filed his inventory there two weeks before he filed an inventory in New Jersey; the inventory in Pennsylvania was complete; that in New Jersey was partial and included only the assets in New Jersey, and was not a true inventory, as the statute requires; he gave bond in Pennsylvania for the whole estate, and in New Jersey for a part only even of the New Jersey assets; he took no further step looking to New Jersey as the proper forum until May 10th, 1901, six months after the assignment, and he has never treated the Camden orphans court as having jurisdiction over all the assets. We think the assignee cannot in this way divide the administration of the assets to which he acquired title under a single deed of conveyance. While the assignors and assignee might have had this estate administered by the Camden orphans court, they elected to have it administered by the Philadelphia common pleas, and by that election the parties to this litigation are bound.

The decrees of the prerogative court in each case should be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, FORT, GARRETSON, SWAYZE, BOGERT, VREDENBURGH, GREEN—8.

*For reversal*—DIXON, VROOM—2.